STATE OF HAWAI`I, Plaintiff-Appellee,
v.
JONATHAN LEE FAGAN, Defendant-Appellant
No. 28408.
Intermediate Court of Appeals of Hawaii.
April 8, 2008.
On the briefs:
Lars Peterson, deputy public defender, State of Hawai`i, for defendant-appellant.
Brian R. Vincent, deputy prosecuting attorney, City and County of Honolulu, for plaintiff-appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE, and NAKAMURA, JJ.
Defendant-Appellant Jonathan Lee Fagan (Appellant) appeals the Judgment entered by the Circuit Court of the First Circuit[1] (the circuit court) on January 23, 2007, convicting and sentencing him for one count of Attempted Unauthorized Control of a Propelled Vehicle, a violation of Hawaii Revised Statutes (HRS) §§ 705-500 (1993)[2] and 708-836 (Supp. 2007).[3]
At trial, Appellant's primary defense was that he mistakenly believed that a woman named Malia owned the vehicle in question and authorized him to drive it.
Although Appellant requested an instruction to the jury on the mistake-of-fact defense, which is codified at HRS § 702-218 (1993), the circuit court declined to give one, concluding that such an instruction was precluded by this court's decision in State v. Palisbo, 93 Hawai`i 344, 3 P.3d 510 (App. 2000).
Appellant's sole contention on appeal is that the circuit court's failure to instruct the jury on the mistake-of-fact defense violated his due-process right to present a complete defense and to a fair trial. Appellant maintains that: (1) the facts in this case are distinguishable from the facts in Palisbo; and (2) since (a) the identity and consent from the vehicle's owner are attendant circumstances of the Unauthorized Control of Propelled Vehicle (UCPV) offense, and (b) Appellant's mistake as to the identity of the true owner of the vehicle negates the state of mind required to establish an attendant circumstance of the UCPV offense, the jury should have been instructed as to the mistake-of-fact defense.
The Hawaii Supreme Court recently agreed with Appellant's contentions in a case involving similar facts, State v. Mainaaupo, slip op. (Nos. 27764 and 27969, March 5, 2008). Accordingly, we vacate the circuit court's January 23, 2007 Judgment and remand this case for a new trial consistent with Mainaaupo.
NOTES
[1] The Honorable Virginia Lea Crandall presided.
[2] HRS § 705-500 defines the offense of criminal attempt.
[3] HRS § 708-836, which was last amended in 2001, defines the offense of Unauthorized Control of Propelled Vehicle.